UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE TRAVELERS INDEMNITY COMPANY OF
AMERICA,                                                            Docket No.:

                                                      Plaintiff,

-against-

ALLIED WORLD NATIONAL ASSURANCE
COMPANY,

                                                      Defendant.
-------------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY RELIEF

      Plaintiff, THE TRAVELERS INDEMNITY COMPANY OF AMERICA ("Travelers"), and for its Complaint for Declaratory Judgment against Defendant, ALLIED WORLD NATIONAL ASSURANCE COMPANY ("AWAC"), alleges upon information and belief as follows:

### Nature of the Action

      1.    Travelers is providing a defense to the Wasserstein Enterprises, LLC ("Wasserstein"), ABS Partners Real Estate LLC ("ABS") and WeWork, Inc. ("WeWork"), in an action titled *Cortes v. Wasserstein Enterprises, et al.,* in the Supreme Court of the State of New York, County of Queens, Index No. 704302/2022 (the "Underlying Action").

      2.    In the instant action, Travelers seeks a declaration that AWAC is obligated to defend and to indemnify JC Elite Construction Services ("JC") and JC's additional insureds Wasserstein, WeWork and ABS, on a primary and non-contributory basis, in connection with the Underlying Action in which the underlying plaintiff, Horatio-Luciano Alonso Cortes (the "Claimant") asserts claims for injuries, and that, and that Travelers is entitled to judgment for all

1

defense and indemnity costs incurred on behalf of JC, Wasserstein, WeWork and ABS in said action.

## Parties

3. At all times relevant hereto, The Travelers Indemnity Company of America was and is a Connecticut corporation licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

4. Upon information and belief, at all times relevant hereto, AWAC was and is a New Hampshire corporation with a principal place of business in Hamilton, Bermuda.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. section 1332 and 28 U.S.C. Section 2201.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred here.

7. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant AWAC.

8. Plaintiff Travelers has no other adequate remedy at law.

## Insurance Policies

9. Upon information and belief, AWAC issued a commercial general liability insurance policy bearing policy number 5051-0343-21 to Rycon Mechanical Services ("Rycon") with effective dates during the date of the accident (the "AWAC Policy").

10. Upon information and belief, the AWAC Policy is subject to certain terms, conditions, and exclusions that generally provide coverage for bodily injury that takes place during

the policy period and is caused by an accident.

11. Upon information and belief, the AWAC Policy contains an endorsement that provides "additional insured" coverage to those entities as required by written contract with the Named Insured but only with respect to liability for bodily injury "caused, in whole or in part, by" the acts or omissions of Rycon or those acting on Rycon's behalf in the performance of Rycon's ongoing work.

12. Upon information and belief, the AWAC Policy likely contains a Primary and Non Contributory – Other Insurance Condition endorsement which amends the AWAC Policy to provide that such coverage is primary to and will not seek contribution from any other insurance available to an additional insured.

13. The Travelers Indemnity Company of America issued a commercial general liability insurance policy to JC bearing policy number DT1NHCO-9P649104 with effective dates of June 16, 2021 to June 16, 2022.

14. Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

15. The Travelers Policy contains excess "other insurance" provisions which provide that coverage under the Travelers Policy is excess over any other coverage available to JC where it has been added as an "additional insured."

## BACKGROUND FACTS

16. Prior to the alleged accident in the Underlying Action, JC and Rycon entered into a written agreement, pursuant to which Rycon agreed to furnish and install ducts in connection with the construction project at the 115 W 18th Street, New York, New York (the "Premises").

17. The terms of the contract required Rycon to maintain general liability insurance that named JC, Wasserstein, WeWork and ABS, as "additional insureds." This insurance applies on a primary and non-contributory basis.

18. The terms of the contract further require Rycon to defend, indemnify and hold JC, Wasserstein, WeWork and ABS harmless against all claims arising out of or resulting from the performance of Rycon's work.

19. The Claimant filed a complaint against JC, WeWork, ABS and Wasserstein in the Underlying Action alleging that, on or about November 5, 2021, he was injured when an unsecured duct fell on is head while he was working for Rycon at the Premises. A true copy of the Verified Complaint in the Underlying Action is attached hereto as **Exhibit "A"**.

20. Thereafter, JC filed a third-party complaint against Rycon in the Underlying Action. A true copy of the Verified Third-Party Complaint in the Underlying Action is attached hereto as **Exhibit "B"**.

21. In his Bill of Particulars, the Claimant has attributed his accident to the defendants' purported negligence in allowing and permitting a dangerous and hazardous condition within the construction area, specifically allowing unsecured ductwork that was improperly installed, to exist and remain within said Premises, which was part of the work performed or being performed by Rycon. He alleges that, as a result of his accident, he sustained cervical and lumbar spine disc herniations, cervical and lumbar radiculopathy, lumbar spine disc bulges, a partial tear of the supraspinatus tendon in the left shoulder, joint effusion, a grade 3 intrameniscal right knee tear and herniations, TMJ disorder, a traumatic injury to the jaw, post concussion syndrome and a traumatic brain injury. He alleges that he underwent right knee surgery, a lumbar interlaminar epidural injection on two occasions, and cervical spine fusion surgery and placement of multiple biomedical

devices in the Claimant's cervical spine. A true copy of the Verified Bill of Particulars in the Underlying Action is attached hereto as **Exhibit "C"**.

22. Travelers is defending JC, Wasserstein, WeWork and ABS in connection with the Underlying Action.

23. In the Underlying Action, the Claimant seeks to impose liability on JC, WeWork, Wasserstein and ABS for alleged bodily injury with respect to operations performed by or on behalf of Rycon.

## TENDERS TO AWAC

24. By correspondence dated August 30, 2022, Travelers tendered the defense and indemnity of JC, the Owner and its agents to AWAC and Rycon.

25. By correspondence dated September 9, 2022, the third-party administrator for AWAC sent a letter to Travelers acknowledging Travelers' tender request and requesting a copy of the Travelers Policy.

26. On October 6, 2022, Travelers sent AWAC a letter to follow up on its outstanding tender requests.

27. On December 6, 2023, Travelers sent a letter to WeWork's counsel and in which Travelers accepted the defense, indemnity and additional insured status of WeWork in the Underlying Action under a complete reservation of rights.

28. On December 6, 2023, Travelers sent a letter to counsel for Wasserstein and ABS and in which Travelers accepted the defense, indemnity and additional insured status of Wasserstein and ABS in the Underlying Action under a complete reservation of rights.

29. Travelers subsequently renewed its tender to AWAC on countless occasions, but, to date, AWAC still refuses to provide a defense and indemnity to JC, Wasserstein, WeWork and

ABS under the AWAC Policy.

30. AWAC has refused to provide "additional insured" coverage to JC, Wasserstein, WeWork and ABS under the AWAC Policy.

31. AWAC has refused to provide a defense to JC, Wasserstein, WeWork and ABS under the AWAC Policy.

### CAUSE OF ACTION FOR DECLARATORY RELIEF

32. Travelers repeats, realleges, and incorporates each and every allegation contained in paragraphs "1" through "31" above as if fully set forth herein.

33. JC, Wasserstein, WeWork and ABS each qualify as an "additional insured" under the AWAC Policy.

34. The coverages provided to JC, Wasserstein, WeWork and ABS under the AWAC Policy are primary and non-contributory with any coverage provided by the Travelers Policy.

35. Accordingly, Travelers seeks a declaration that AWAC has an obligation to defend and indemnify JC, Wasserstein, WeWork and ABS as "additional insureds" under the AWAC Policy; that the coverages provided by the AWAC Policy to JC, Wasserstein, WeWork and ABS are primary and non-contributory; and that the obligations of Travelers to JC, Wasserstein, WeWork and ABS in the Underlying Action are excess to proper exhaustion and full payment of the limits of the AWAC Policy.

36. In addition, Travelers seeks an award at law and in equity against AWAC for recovery of all sums Travelers has paid in the defense of JC, Wasserstein, WeWork and ABS in the Underlying Action because the coverages provided by the AWAC Policy are primary to any coverage provided by Travelers.

WHEREFORE, Plaintiff Travelers respectfully requests that this Court issue judgment as follows:

1. Declaring that JC, Wasserstein, WeWork and ABS are "additional insureds" under the AWAC Policy to whom AWAC owes coverage with respect to the Underlying Action;

2. Declaring that AWAC has a duty to defend JC, Wasserstein, WeWork and ABS in the Underlying Action up to and including the respective policy limits of the AWAC Policy;

3. Declaring that all coverage owed by AWAC to JC, Wasserstein, WeWork and ABS with respect to the Underlying Action is primary to any coverage provided by Travelers to JC, Wasserstein, WeWork and ABS;

4. Declaring that the obligations of AWAC to JC, Wasserstein, WeWork and ABS with respect to the Underlying Action are primary to any obligations of Travelers to JC, Wasserstein, WeWork and ABS;

5. Declaring that the obligations of Travelers to JC, Wasserstein, WeWork and ABS in the Underlying Action are excess to proper exhaustion and full payment of the respective limits of the AWAC Policy by means of a verdict, judgment, or settlement;

6. Awarding judgment against AWAC in an amount equal to the sums that Travelers incurred in defending the claims against JC in the Underlying Action;

7. Awarding judgment against AWAC in an amount equal to the sums that Travelers incurred and continues to incur in defending the claims against Wasserstein, WeWork and ABS in the Underlying Action;

8. Awarding judgment against AWAC in an amount equal to any sums that Travelers may incur to resolve the claims and indemnify JC, Wasserstein, WeWork and ABS in the

Underlying Action;

9. Granting an award in favor of Travelers for the costs of suit incurred herein; and

10. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 4, 2024

        USERY & ASSOCIATES

        By: */s/ Petra P. Starr*
        Petra P. Starr, Esq.
        *Attorneys for Plaintiff—*
        *The Travelers Indemnity Company of America*
        Direct: 312.458.6292
        Fax: 844.571.3789
        Email: Pstarr@travelers.com

        Please address all correspondence sent by mail to:
        P.O. Box 2996
        Hartford, CT 06104-2996

        Physical Address:
        161 N. Clark Street, 10th Floor
        Chicago, Illinois